COURT OF APPEALS
DECISION
DATED AND FILED

March 23, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

| Appeal Nos. | **2025AP1338** | Cir. Ct. Nos. **2023TP124** |
|---|---|---|
| | **2025AP1339** | **2023TP125** |
| | **2025AP1340** | **2023TP126** |
| **STATE OF WISCONSIN** | | **IN COURT OF APPEALS** |
| | | **DISTRICT I** |

APPEAL NO. 2025AP1338

IN RE THE TERMINATION OF PARENTAL RIGHTS TO A.T.H.-T., A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

       PETITIONER-RESPONDENT,

   V.

V.T.,

       RESPONDENT-APPELLANT.

**APPEAL NO. 2025AP1339**

**IN RE THE TERMINATION OF PARENTAL RIGHTS TO T.S.M.H.T., A PERSON UNDER THE AGE OF 18:**

**STATE OF WISCONSIN,**

      **PETITIONER-RESPONDENT,**

  **V.**

**V.T.,**

      **RESPONDENT-APPELLANT.**

---

**APPEAL NO. 2025AP1340**

**IN RE THE TERMINATION OF PARENTAL RIGHTS TO R.L.C.H.T., A PERSON UNDER THE AGE OF 18:**

**STATE OF WISCONSIN,**

      **PETITIONER-RESPONDENT,**

  **V.**

**V.T.,**

      **RESPONDENT-APPELLANT.**

---

APPEALS from orders of the circuit court for Milwaukee County: LAURA GRAMLING PEREZ, Judge. *Affirmed*.

¶1     COLON, P.J.[1]  V.T. appeals from orders terminating her parental rights to her three children, and from an order denying her postdisposition motion. V.T. argues that she was provided ineffective assistance of trial counsel when counsel failed to review certain discovery materials before trial, and that the trial court thereby erred in denying her postdisposition motion for a new trial.  For the following reasons, we affirm.[2]

¶2     On July 25, 2023, a court entered orders finding V.T.'s three children to be in need of protection and services (CHIPS), and placing the children outside of V.T.'s home.  On July 31, 2023, the State initiated termination of parental rights (TPR) proceedings, alleging as grounds that V.T. had failed to assume parental responsibility for them.  On January 26, 2024, the State filed amended petitions, claiming that V.T.'s children were also children in continuing need of protection or services (continuing CHIPS), because V.T. had not met the conditions of return established in the CHIPS orders.

¶3     At the final pretrial hearing in October 2024, V.T. expressed concerns about trial counsel's representation, stating that she did not believe counsel was prepared for trial, pointing out that she had made a list of witnesses she wanted subpoenaed for trial, but that counsel had not subpoenaed them.

---

[1]  This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

[2]  Cases appealed under WIS. STAT. RULE 809.107 are "given preference and shall be taken in an order that ensures that a decision is issued within 30 days after the filing of the appellant's reply[.]"  RULE 809.107(6)(e).  Conflicts in this court's calendar have resulted in a delay.  It is therefore necessary for this court to *sua sponte* extend the deadline for a decision in this case.  *See* WIS. STAT. RULE 809.82(2)(a); ***Rhonda R.D. v. Franklin R.D.***, 191 Wis. 2d 680, 694, 530 N.W.2d 34 (Ct. App. 1995).  Accordingly, we extend our deadline to the date this decision is issued.

Counsel stated that she was prepared for trial, and the trial court decided the cases would continue to trial as scheduled.

¶4     On the morning of trial, V.T. again expressed concerns regarding counsel's representation.  Specifically, V.T. did not believe counsel was prepared for trial because she had only met with counsel once.  The court again decided that the trial would go forward, stating that "[Counsel] is your third or fourth lawyer at this time and we are moving forward with your trial.  [Counsel] is an experienced lawyer and … I have no doubt she is prepared for trial today[.]"  When asked what she had done to prepare for the trial, counsel stated that she had reviewed the petitions with V.T., had made herself available to V.T. by phone, and had spoken with the State and the guardian *ad litem* for the children.  Counsel also mentioned the fact that she had previously represented V.T. in other TPR proceedings.  V.T. contended, however, that counsel had not reviewed any of the discovery documents from these cases with her.  Again, the court stated that the trial would continue as scheduled, with trial counsel continuing to represent V.T.

¶5     After a three-day jury trial, the jury determined that the State had proven both grounds for termination, and the court found V.T. unfit.  The dispositional hearing occurred on December 5, 2024.  The court heard testimony from one of the children's foster parents who testified that all three children had been placed in their home since "close to birth" and that the children were doing "amazing ... doing great in school" and were "adjusting great."  The court also heard from the ongoing case manager, who testified that the children had been in out-of-home care for the majority of their lives, were significantly bonded to their foster parents, and that none of the children appeared to have a relationship with V.T.  While trial counsel indicated that she had intended to call V.T. as a witness

to testify, V.T. failed to appear in person at the hearing. Trial counsel made a short offer of proof, stating that V.T. had "been adamant that her children have a relationship with her and that it would be harmful to sever that relationship[.]" Ultimately, the court concluded that it would be in the children's best interests if it terminated V.T.'s parental rights.

¶6    V.T. subsequently filed a postdisposition motion requesting a new trial, asserting that she was denied effective assistance of counsel because trial counsel had failed to obtain and review any discovery in these matters. V.T. further argued that she was not required to point to any specific instances of prejudice at trial to succeed on her ineffective assistance of counsel claim, because counsel's failure to review and obtain the discovery made it unlikely that any attorney could have been adequately prepared for trial.

¶7    The court held an evidentiary hearing on the motion, at which trial counsel testified. Counsel stated that she estimated she had represented parents in hundreds of TPR proceedings during the 18 years she had been practicing. Counsel stated that she had no recollection as to whether she had obtained the department's file and the discovery in this case, although appellate counsel did present evidence in the form of an email wherein trial counsel stated that she had not obtained any of the discovery documents related to these cases. Counsel then stated that she had "relied on [her] communication with [her] client about the services that she was referred to[,]the services that she competed, [and] the services that she had started[.]" Counsel further stated that "[t]he majority of the discovery would not be related to anything beyond that and [her] client since [she had] worked with her before" and she "has always been an accurate reporter about her services and she was an accurate reporter this time as well."

¶8      Trial counsel explained that she intentionally chose *not* to review the department's case notes, instead reviewing "the dispositional court report, the dispositional court order, … the most recent permanency plan, and then the initial assessment." Her reasoning for doing so was that "in the past sometimes it would take [her] a long time to get the documents and so what [she] started doing was just requesting" those four documents. "Those four documents pretty much have in there everything that I would need to know for the trial and then supplemented by my client's commentary," she stated, because "the focus is on the services that have been referred and the services that have been completed or met … so that's the focus of the trial and that information gets me a long way."

¶9      After hearing testimony, the trial court found that "it's undisputed that counsel failed to review the agency's case notes" and determined that trial counsel's performance was deficient. However, the court disagreed with V.T.'s argument that she did not have to demonstrate actual prejudice at trial, stating that it was unclear whether the case law upon which V.T. relied "really stands for that." Because V.T. admitted that she could not point to any actual prejudice at trial, the court denied her postdisposition motion.

¶10      On appeal, V.T. argues that the trial court erred in denying her postdisposition motion, again asserting that she was denied her right to effective assistance of counsel. She renews her argument that she does not need to show actual prejudice at trial, since the circumstances of the case—i.e., the fact that trial counsel failed to review any discovery materials—make it unlikely that any attorney could provide effective assistance.

¶11      Such claims of ineffective assistance of counsel are examined under the two-part test found in *Strickland v. Washington*, 466 U.S. 668 (1984). Under

*Strickland*, a litigant claiming ineffective assistance of counsel must show both that their counsel performed deficiently and that the deficiency prejudiced the defense. *Id.* at 687.

¶12    While V.T. argues that *Strickland* does not apply to this case, and that we should presume prejudice under *United States v. Cronic*, 466 U.S. 648, 661 (1984), we disagree. The holding in *Cronic* was narrow and did not provide a clear-cut exception to the test in *Strickland*. Instead, *Cronic* rejected an argument that prejudice should be presumed where a young, inexperienced attorney, being appointed by the trial court to represent the defendant, was given only 25 days for pretrial preparation. *Id.* at 649. The Supreme Court therein stated that, "[a]bsent some effect of challenged conduct on the reliability of the trial process, the Sixth Amendment guarantee [of effective assistance of counsel] is generally not implicated." *Id.* at 658. The Court found that the circumstances in that case did not justify a presumption of ineffectiveness and that the defendant could only make a claim for ineffective assistance "by pointing to specific errors made by trial counsel." *Id.* at 666.

¶13    In the present case, we similarly conclude that V.T. may only make a claim for ineffective assistance of counsel by following the guidelines set forth in *Strickland*. V.T. must show both that trial counsel's performance was deficient and that the deficiency prejudiced her defense. *See Strickland*, 466 U.S. at 687.

¶14    In regards to the first prong, counsel's performance is considered constitutionally deficient if it falls below an objective standard of reasonableness. *Id.* at 688. Whether counsel's performance satisfies the constitutional standard for ineffective assistance is a question of law we review independently. *State v. Thiel*, 2003 WI 111, ¶21, 264 Wis. 2d 571, 665 N.W.2d 305.

¶15 Here, we agree with the trial court that trial counsel's performance was most certainly deficient. It is undisputed that trial counsel here failed to review the entirety of the discovery available to her. Counsel's failure to review certain portions of discovery is deficient performance as a matter of law. *Id.*, ¶37. "[I]t falls below objective standards of reasonableness to fail to read all portions of discovery that may have the potential to educe information that is either beneficial or damaging to the client's cause." *Id.* The unread portions of discovery had the possibility of providing "insight into other facets of the case that deserved more thorough investigation," particularly in consideration of the stakes involved in a TPR case. *See id.*, ¶38. Trial counsel should have reviewed all of the discovery provided, as it could have contained information that could have aided in V.T.'s defense, which V.T. would possibly be unable to recognize its significance on her own but which trial counsel should have been able to recognize as helpful.

¶16 However, while we conclude that trial counsel's performance was deficient, V.T. is also required to show that trial counsel's alleged deficiencies prejudiced her defense. *See Strickland*, 466 U.S. at 687. If a litigant fails to make a showing on either prong of the *Strickland* test, their claim for ineffective assistance fails. *Id.* V.T. notably makes no attempt to argue that her defense was prejudiced by counsel's performance, and she therefore fails this prong of the *Strickland* test. Because V.T. has failed to make this showing, her claim for ineffective assistance of counsel fails. We therefore affirm the orders of the trial court.

> *By the Court.*—Orders affirmed.

> This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.